ALEXANDER V. DOROSHCHUK and
NADEZHDA DOROSHCHUK, husband
and wife,

         Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

         Defendants.

Filed in the Trial Courts
STATE OF ALASKA THIRD DISTRICT

NOV 2 2009

Clerk of the Trial Courts
By_____Deputy

Case No. 3AN-09-11557 CI

# COMPLAINT

COMES NOW plaintiffs, by and through their attorneys, The Law Offices of Richard L. Harren, P.C., and for his complaint, alleges as follows:

1. Plaintiff's are now, and have been at all relevant times, residents of the Third Judicial District, State of Alaska.

2. Allstate Insurance Company ("Allstate") is an insurance company authorized to do business in the State of Alaska, and subject to all Alaska laws, including those regulating the operations of automobile insurance companies in Alaska.

3. State Farm Insurance Company ("State Farm") is an insurance company authorized to do business in the State of Alaska, and subject to all Alaska laws, including those regulating the operations of automobile insurance companies in Alaska.

Complaint
*Doroshchuk v. Allstate Insurance Company*, Case No. 3AN-09-_____ CI
Page 1 of 6

EXHIBIT A
PG 1 OF 6

Case 3:10-cv-00032-TMB   Document 1-2   Filed 02/19/10   Page 1 of 6

Law Offices of Richard L. Harren, P.C.
P.O. Box 874692
Wasilla, Alaska 99687
(907) 376-2355

4. Beth Lancaster was at all relevant times an employee of Allstate Insurance Company.

5. At all relevant times, Beth Lancaster, AKA Beth Ostrowski, was working within the scope of her employment as a personal injury adjuster for Allstate Insurance Company in Anchorage.

6. Plaintiff's were born in the Ukraine and immigrated to the United States were they became citizens, met and married.

7. English is a secondary language for both Plaintiff's.

8. Plaintiff's moved with their children to Alaska in the year 2000.

9. At the time of their move Mr. Doroshchuk took a leave of absence from his pursuit of a university degree in computer science in order to use his construction skills and superb health to build a home for his family.

10. Doroshchuk intended to complete his degree upon establishing his family in an habitable home.

11. The couple had a limited amount of money to provide for construction and interim housing during the construction project.

12. On February 6, 2001 Alexander Doroshchuk suffered a head injury in an automobile collision with an Allstate Insured, a minor child by the name of Randi Pucak.

13. At the time of the collision, Doroshchuk was insured with State Farm Insurance Company for liability insurance and for medical payments coverage.

12. The collision occurred as Doroshchuk was driving his car safely..

Complaint
*Doroshchuk v. Allstate Insurance Company*, Case No. 3AN-09-_____ CI
Page 2 of 6

EXHIBIT __A__
PG __2__ OF __6__

Case 3:10-cv-00032-TMB   Document 1-2   Filed 02/19/10   Page 2 of 6

Law Offices of Richard L. Harren, P.C.
P.O. Box 874692
Wasilla, Alaska 99687
(907) 376-2355

13. The party responsible for the collision, Randi Pucak (Pucak), was insured by Allstate Insurance Company.

14. Allstate established a relationship of trust with Doroshchuk

15. Allstate's contact with Doroschuck established a duty towards him to act in good faith towards him and his property interests.

16. Allstate breached its duty to Doroshchuk.

17. As a result of its breach Allstate caused harm to Doroshchuk and his wife.

18. Allstate breached a implied contract with plaintiffs.

19. Allstate intentionally and negligently inflicted emotional distress upon plaintiffs

20. Allstate misrepresented important facts related to the claims adjusting process.

21. The advice and information Lancaster (and/or other Allstate employees) gave Doroshchuk, was given in accordance with the training received from Allstate and as directed by Allstate's claims handling

Complaint
*Doroshchuk v. Allstate Insurance Company*, Case No. 3AN-09-_____ CI
Page 3 of 6

EXHIBIT A
PG 3 OF 6

Case 3:10-cv-00032-TMB   Document 1-2   Filed 02/19/10   Page 3 of 6

Law Offices of Richard L. Harren, P.C.
P.O. Box 874692
Wasilla, Alaska 99687
(907) 376-2355

practices, policies and procedures, and it was necessarily within the scope of their authority and employment to give such advice.

22. The advice and information Lancaster (and/or other Allstate employees) gave Doroshchuk, was intentionally calculated to lull Doroshchuk into dealing directly with them without any attorney involvement to his own financial and physical detriment.

23. As a result of the tortuous and wrongful conduct of all state plaintiffs suffered severe emotional distress and financial loss including but not limited to medical fees, legal fees, costs of litigation, and other losses both past and future..

24. The advice and information Lancaster (and/or other Allstate employees) gave to Doroshchuk was in the nature of legal advice.

25. The advice and information Lancaster (and/or other Allstate employees) gave Doroshchuk constituted Allstate's unlawful practice of law.

26. Allstate's willful or reckless unlawful practice of law in these regards is an extreme and outrageous abuse by Allstate of its position of actual or apparent authority over all claimants and in particular, the plaintiff Doroshchuk herein.

27. Allstate's conduct above described caused Doroshchuk to refrain from consulting or retaining an attorney to protect his interests, and resulted in the expense and emotional distress of a jury trial.

28. Allstate's conduct above described caused Doroshchuk to proceed through trial

*Law Offices of Richard L. Harren, P.C.*
P.O. Box 874692
Wasilla, Alaska 99687
(907) 376-2355

EXHIBIT A
PG 4 OF 6

Case 3:10-cv-00032-TMB   Document 1-2   Filed 02/19/10   Page 4 of 6

irreparably compromised in his ability to credibly establish his injuries to the jury, and substantially caused the jury to return a zero verdict.

29. Allstate's conduct above described constitutes the intentional infliction of emotional distress.

30. Allstate's conduct above described constituted an intentional or reckless abuse by Allstate of the trusting relationship Allstate extracted and maintained with Doroshchuk.

31. Allstate's conduct to force Doroshchuk to trial constituted an intentional or reckless abuse by Allstate of the trusting relationship Allstate extracted and maintained with Doroshchuk.

32. Allstate's conduct through its attorneys to vigorously object and successfully prevent Doroshchuk from exposing the jury to relevant and consequential evidence of Doroshchuk's dealings with Allstate, and other evidence gleaned by Allstate and State Farm during their investigation into Doroshchuk's claims, constitute a continuing intentional or reckless abuse by Allstate of its promises and assurances to Doroshchuk that Allstate would treat Doroshchuk fairly.

33. Allstate's conduct as regards Doroshchuk's claims through to the present and continuing, is outrageous.

34. Allstate's conduct has and continues to intentionally or recklessly inflict emotional harm on Doroshchuk.

Complaint
*Doroshchuk v. Allstate Insurance Company*, Case No. 3AN-09-_____ CI
Page 5 of 6

EXHIBIT A
PG 5 OF 6

Case 3:10-cv-00032-TMB   Document 1-2   Filed 02/19/10   Page 5 of 6

WHEREFORE, Plaintiff prays for relief as follows:

1/ Plaintiffs demands judgment against the defendant for a sum in excess of One Hundred Thousand Dollars $100,000.00), the precise amount to be proven at the time of trial, plus costs, interest and attorney fees;

2/ For exemplary damages in an amount to be established at trial; and,

3/ For such other and further relief as the court deems fair and equitable under the circumstances.

RESPECTFULLY submitted this 2 day of _____ 2009.

LAW OFFICES OF RICHARD L. HARREN, P.C.

By: _____
Richard L. Harren
Attorney for Plaintiffs
Alaska Bar No.

OriginalCOMPLAINT.doc

Law Offices of Richard L. Harren, P.C.
P.O. Box 874692
Wasilla, Alaska 99687
(907) 376-2355

Complaint
*Doroshchuk v. Allstate Insurance Company*, Case No. 3AN-09-_____ CI
Page 6 of 6

EXHIBIT A
PG 6 OF 6

Case 3:10-cv-00032-TMB   Document 1-2   Filed 02/19/10   Page 6 of 6